The defendant below objected to the introduction of this bill of sale in evidence, because it appeared from the certificate of Wm. Regan that he was only an assistant, and he signed his name as such, and because the certificate of Neill Buie, the register, was without a date, and therefore that the bill of sale had never been duly registered. This objection was sustained by the court and the evidence rejected. The plaintiff then offered to prove the execution of the bill of sale by introducing testimony of the handwriting of the subscribing witness, who was dead, which also was refused him by the court, and he was nonsuited. A rule was then obtained to show cause why the nonsuit should not be set aside and a new trial granted and on argument the rule was discharged and judgment accordingly, from which judgment the plaintiff appealed to this Court.
That sales and gifts of slaves by parol were valid under the act of 1784, as between the parties, and when there were neither purchasers nor creditors to be affected, is a construction of that act which was probably coeval with its passage. In a case decided in 1796, it was admitted by the court and bar to have prevailed anterior to that period, and it has not since been departed from. Knight v. Thomas, 2 N.C. 289. Now, if a sale by parol, and according to the common law, was available between the parties, the reason is stronger wherefore a bill of sale shall be so, since the evidence of the contract does not so much depend upon the memory of witnesses. The want of formal bills of sale and the want of a law for perpetuating them are the mischiefs pointed at by the Legislature as producing injury to others by secret sales and gifts. Where a bill of sale was necessary, it was essential to the title that it should be recorded for the purpose of giving full notice to purchasers and creditors. But where a bill of sale was not necessary, but merely made by (196) the parties from abundant caution, there can be no reason why the vendor should set up the want of registration against his vendee's title; for he does not want any notice of the contract, and no other person can suffer injury from the omission to register.
If the second section of the act of 1789, ch. 315, were a separate and unconnected statute, I admit that its effect would be to render "void and of no force whatever" this bill of sale for want of registration withintwelve months after the making thereof. But it was not only made in parimateria with the act of 1784, but with the express and only view of allowing a further time for the recording bills of sale and deeds of gift where it was neglected before that period, and permanently enlarging the time within which future bills of sale and deeds of gift should be recorded. In other words, where bills of sale and deeds of gift are necessary under the act of 1784 they may and must be recorded according to the act of 1789. But where they are not required to be made by the first act they need not be recorded by the latter. The same remarks apply to Laws 1792, ch. 363.